IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANICE M. HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-0803-CV-W-ODS ) |
| CYPRESS MEDIA, INC., d/b/a THE KANSAS CITY STAR, | ) ) ) ) |
| Defendant. | ) |

### ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss. The Court concludes Plaintiff has failed to state a claim for which relief can be granted, and for that reason the motion (Doc. # 7) is granted.

### I. BACKGROUND

Plaintiff was formerly employed by Defendant, and this represents Plaintiff's second suit against Defendant. Plaintiff has been proceeding pro se in both cases. The Amended Complaint in the first suit asserted claims for discrimination based on race and disability in violation of federal law as well as common law claims for wrongful discharge and breach of contract. The federal discrimination claims were dismissed for failure to state a claim, and the state law claims for wrongful discharge and breach of employment contract were dismissed without prejudice.[1] Plaintiff initially appealed the dismissal, but later dismissed her appeal and, in December 2011, filed the instant suit in state court and Defendant removed the case to federal court. Construed liberally (as is appropriate when construing a pro se filing), the Complaint asserts claims for (1) wrongful discharge,

---

[1] The first case was assigned case number 11-0439. By consent of the parties, the Honorable Sarah W. Hays presided over the case, and she issued her Order dismissing the case on October 27, 2011.

(2) breach of employment contract, (3) negligence, and (4) violations of federal law (specifically, the United States Constitution and the Privacy Act).

The Complaint alleges Plaintiff was employed by Defendant from September 1999 until November 2010 as a permanent part-time employee. Over the course of eleven years she was written up for attendance problems no more than five times and was never written up for any other issues. On November 8, 2010, Plaintiff experienced car troubles and called Defendant to advise that she would be late. Nonetheless, she was fired: Plaintiff alleges this termination violated various provisions of the employee handbook, including provisions for progressive discipline. She also alleges she was not provided her last paycheck on the date she was terminated.

With respect to her Constitutional and Privacy Act claims, Plaintiff alleges that "the whole time" she was employed Defendant searched her employee locker "anytime they wanted to without me being present, and without giving me any notice that they intended to go in there, nor did they say what they were looking for."

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

> liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted).

## A. Breach of Contract and Wrongful Discharge

Plaintiff's claims for breach of contract and wrongful discharge really assert the same claims: that Defendant terminated Plaintiff's employment without just cause and in violation of procedures set forth in the employee handbook.[2] Plaintiff's claims fail as a matter of law because she was an at-will employee. "Under Missouri law, employee handbooks generally are not considered contracts, because they normally lack the

---

[2]It does not appear that Plaintiff is alleging her termination was unlawful because it violated her civil rights under Title VII or the Americans with Disabilities Act. To the extent that she is, those claims were dismissed by Judge Hays and cannot be re-asserted in this proceeding. In any event, Plaintiff's current Complaint suffers from the same infirmity identified by Judge Hays: Plaintiff has not alleged any connection between her race or disability and her termination, nor has she alleged any facts that would suggest her race or disability played a part in Defendant's decision to terminate her.

3

traditional prerequisites of a contract. An employer's unilateral act of publishing a handbook is not a contractual offer to the employee. Rather, a contract is only formed with the traditional elements of offer, acceptance, and consideration." Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 835 (8th Cir. 1997) (citing Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662-63 (Mo. 1988) (en banc)). Plaintiff offers nothing other than the handbook's existence to suggest a contract existed, and the only "terms" she alleges were "breached" are contained in the handbook. Plaintiff's claim for breach of contract must be dismissed because Plaintiff has not alleged the existence of a contract. As an at-will employee, Plaintiff could be terminated for any reason that does not violate statutory law. E.g., Keveney v. Missouri Military Acad., 304 S.W.3d 98, 101 (Mo. 2010) (en banc). This means Plaintiff cannot challenge the propriety or justification of Defendant's decision to terminate her.

### B. Discharge Pay Statute

Plaintiff alleges Defendant violated the provisions of section 290.110 of the Missouri Statutes by failing to pay her last check at the moment she was terminated. By its terms, however, the time limits imposed on employers by this statute are triggered after the employee makes a written request. Mo. Rev. Stat. § 290.110; see also Taylor v. Goldammer, 944 S.W.2d 216, 218 (Mo. Ct. App. 1997). Plaintiff does not allege she delivered a written request. To the contrary, she alleges she made verbal requests, but these are not sufficient to trigger her right to sue for a violation of the statute.[3]

### C. Fourth Amendment, Privacy Act, and Negligence Per Se

Plaintiff's negligence per se claim is predicated on violations of the Fourth Amendment and the Privacy Act; therefore, the negligence claim is only as good as the

---

[3]The Court notes Plaintiff does not allege she failed to receive all the wages she was due; her claim involves only the timing of that receipt.

federal claims incorporated therein.  Cf. Lowdermilk v. Vescovo Bldg. & Realty Co., 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (negligence per se requires demonstration that defendant violated statute).   However, the Fourth Amendment claim fails as a matter of law because the Fourth Amendment does not apply to private conduct.  E.g., Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 614 (1989); United States v. Jacobsen, 466 U.S. 109, 114-15 (1989).   Similarly, the Privacy Act does not apply to private conduct.  E.g., Paige v. Drug Enforcement Admin., 665 F.3d 1344, 1349 n.8 (D.C. Cir. 2012) (citing 5 U.S.C. § 552a(a)(1) and 552(f)(1)).

### III.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed for failure to state a claim.

IT IS SO ORDERED.

DATE: August 17, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT